# Staunton.

## CRONISE V. CARPER, RUDESILL & ALS.

### SEPTEMBER 24TH, 1885.

### Absent, LEWIS, P.

1. DECREES—*Null quoad persons not parties.*—A decree is a mere nullity as to persons not named as party in the bill, and against whom no allegations are made and no relief is prayed. *Moseley* v. *Cocke,* 7 Leigh, 224.

2. IDEM—*Case at bar.*—In suit to settle estate of R , deceased, C. set up a judgment against G., insolvent principal, and R. and P., sureties. G. and P. were not named in the bill. Leave was given to amend the bill, and make parties G. and P., and J. C., the alienee of P.'s land, which was bound by the judgment lien. Amended bill was filed, and C. and J. C., but not P., were summoned to answer it, but by order of plaintiff's attorney, it was dismissed at same rules at which it was filed. Account of liens was ordered and taken, showing that $616 was P.'s portion, and a lien on P.'s lands aliened to J. C., who had been summoned to appear, and who did appear before the commissioner. Circuit court confirmed report, and decreed that J. C. pay to its receiver said sum of money. On appeal:

HELD:

    1. J. C. was not, in any fair sense of the term, a party to the suit.

    2. J. C. not being a party, the decree is a nullity as to him.

    3. Without the presence of P. before the court, his lands could not be subjected to the judgment.

    4. In no aspect of the case, was there any foundation for the *personal* decree against J. C.

Appeal from decree of circuit court of Botetourt county, rendered October 30th, 1883, in the cause of Eveline Rudesill, administratrix of John G. Rudesill, deceased, *against* John G.

Rudesill's heirs, Thomas G. Godwin, George W. Carper and als., creditors of decedent, by which decree Jacob Cronise, who was no party to said cause, was ordered to pay to William A. Glasgow, receiver in said cause, $616.01, as of June 1st, 1883. From this decree Jacob Cronise obtained an appeal, and writ of *supersedeas.*

Opinion states the case.

*G. W. & L. C. Hansbrough,* for the appellant.

*J. H. H. Figgat,* for the appellee, G. W. Carper.

LACY, J., delivered the opinion of the court.

This was a suit brought by the administratrix of John G. Rudesill, deceased, in July, 1873, to settle up the estate of the said decedent, and to have her dower assigned. In the progress of the suit, and the taking of the accounts ordered, it appeared that the said John G. Rudesill was bound for a debt of one Gaunt, upon which a judgment had been recovered against the said Gaunt and Rudesill, and Rufus Pitzer and H. W. Camper, other sureties, in March, 1861, for $658.53. with interest from January 1, 1861, and $10.23 costs.

This suit was instituted by the said plaintiff against the heirs and certain creditors of the said John G. Rudesill. Dower was assigned, and an account of debts taken, which showed the debts, and among them the said judgment. In the original bill neither Gaunt, Pitzer nor Camper were made parties. In a decree entered October, 1879, it was suggested that the estate of Gaunt, the principal debtor, should be first exhausted before the estate of Rudesill should be taken or that of the other securities, and that new parties were needed to that end, and leave was given the plaintiff to amend her bill. And in the meantime the lands of Rudesill having been sold, and the

money being in the hands of the court's receiver, it was ordered that the amount of the entire judgment should be paid to the judgment creditor, George W. Carper, who was directed to execute and did execute a refunding bond.

In 1868 the said Pitzer sold his lands in that county to Jacob Cronise, the appellant, who paid the entire purchase money to Pitzer. No amended bill was ever filed, and no summons was ever issued against Pitzer. A summons was issued and executed on Cronise and Camper, neither of whom were named in the bill. And at the return day of the summons the entry on the clerk's process book shows that the amended bill was dismissed by order of the plaintiff's attorney.

By decree of October, 1882, an account was ordered of the debts, and the commissioner gave notice to Cronise, but did not give notice to Pitzer, of the taking of the account.

The said commissioner in his report, among other things, stated that Rufus Pitzer sold his lands in said county on which the said judgment was a lien, to Cronise, who had some years before the date of his report, paid the entire purchase money over to Pitzer, and that said Carper, having his attention called to the matter by counsel for Cronise, acquiesced in the payment of the money over to Pitzer, on the ground that he had lost his claim on the Pitzer land by reason of the imperfect indexing of the judgment as to Pitzer. And the commissioner made alternate statements, one charging Cronise with the debt, principal and interest, $616.01; the other not charging him at all. He also stated that Carper, the creditor, had lost his claim for any part of the debt against Camper by going into the pending suit settling up that estate, and waiving his senior lien against Camper, the one in question, and collecting a junior lien against the said Camper, whose estate was finally distributed and wound up.

The circuit court decreed against the said Cronise $616.01, according to the alternate statement so charging him, and con-

firmed the commissioner's report so far as it exonerated Camper's estate as to one-third of the debt, and Carper was held to have lost all remedy as to his one-third.

From this decree Cronise appealed; and the appellee, Carper, assigns as error the exoneration of Camper's estate as to the one-third, under rule IX of this court.

· The appellant assigns as error in the decree of the circuit court, that he had never been made a party to the suit; that no complaint had ever been made against him in any of the proceedings, and that he had thus had no opportunity to answer, and that he could not be made a party by being summoned to answer before a commissioner.

In *Moseley* v. *Cocke*, 7 Leigh, 226, this court said of the appellant in that case: "No person has a right to file an answer in any suit in which he was not a party. The question then is was he a party here or not? It cannot be fairly questioned that the *subpœna* and conditional decree were both served upon him. But he is not named in the bill; there is no allegation anywhere in it which bears upon, or in any manner refers to him; nor is any decree prayed against him, either in terms or otherwise. It is a distinct charge against other persons, etc. He is, therefore, not a defendant. No process is prayed against him by the bill, and therefore, according to the authorities, he is not a defendant; and there being no charge against him, and no decree prayed, he had nothing to defend.

"The bill, it was true, was taken for confessed against him. But as it charged nothing, nothing was confessed, and therefore nothing could be decreed. In short, a decree against one not named in the bill, and nowise comprehended in its general allegations, is a nullity. He is not bound by it, and has therefore no necessity to contest it or to answer it."

In *Henderson* v. *Henderson*, 9 Gratt. 396, this court said: "The circuit superior court should have rendered no decree in the case until it had caused persons holding titles to the lands sought to be charged, to be made parties to the suit.  * * * *

VOL. LXXX—86

The decree in regard to the land would be wholly inoperative against those who held the titles, but who are not parties to the suit."

In *Taylor* v. *Spindle*, 2 Gratt. 44, this court reversed the decree, because the holders of the legal title were not before the court, and it was held that such a course would be pursued even though the objections were not made in the court below.

These authorities, and there are many others, are conclusive of this case.

As has been said, not only was the appellant not made a party in any proper or competent way, but the debtor was not made a party, nor was he mentioned, nor named in any way, first or last, except in the judgment. But a personal decree, an order to pay Pitzer's debt to the commissioner, was entered against Cronise. Upon what principle could Cronise be decreed to pay this debt? It was not his undertaking, first, last, or at any time. If it was a lien on Pitzer's land, sold to Cronise, and had not been paid, it was a lien on the land in the hands of Cronise, and the land might be subjected to its payment; but how could this be judicially ascertained until Pitzer had been brought before the court as a party? He was entitled to a day in court before a decree could go against his land, and so in like manner was Cornise, the appellant. It follows that the decree must be reversed, for error, as to Cronise.

As to the error suggested by the appellee, there is nothing in this record to enable this court to pass on that question; the circumstances relied on by the circuit court not being brought before this court on this appeal by the appellant, nor by any other person.

The decree of the circuit court complained of is erroneous, and must be reversed.

DECREE REVERSED.